UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH HENDERSON, #705169,

        Plaintiff,

v.

UNKNOWN OLSEN and
UNKNOWN MANN,

        Defendants.
_____/

Case No. 2:20-cv-00252

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Defendants' motion for summary judgment. (ECF No. 37.)

Plaintiff — state prisoner Kenneth Henderson — filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 28, 2020. (ECF No. 1.) In his verified complaint, Henderson asserts that employees of the Alger Correctional Facility (LMF) in Munising, Michigan, retaliated against him in violation of his First Amendment rights. (*Id.*, PageID.5-8.) Specifically, Henderson says that after he threatened to file a grievance against Defendant Corrections Officer (CO) Unknown Olsen for "demeaning comments and behavior," Olsen subjected Henderson to several searches of his cell and his person, including a strip search. (*Id.*, PageID.5-6.) Henderson says that CO Olsen then issued a false retaliatory misconduct ticket accusing Henderson of possessing amphetamines. (*Id.*, PageID.6.) Henderson says

that Defendant Sergeant (Sgt.) Unknown Mann then reviewed the misconduct ticket, verified Olsen's evidence, and sent Henderson to segregation. (*Id.*, PageID.7.)

Defendants now move for summary judgment. (ECF No. 37.) Defendants contend that they are entitled to summary judgment because: (1) there are no genuine issues of material fact, (2) Henderson's threat to file a grievance based on unprofessional and degrading behavior was frivolous and therefore unprotected, (3) Sgt. Mann's review of Henderson's misconduct ticket did not constitute an adverse action, and (4) Defendants would have taken the same actions regardless of Henderson's threat to file a grievance. (ECF No. 38, PageID.198-207.) Defendants also argue that they are entitled to qualified and sovereign immunity. (*Id.*, PageID.207.) Henderson did not respond.

The undersigned concludes that Defendants have shown that they are entitled to summary judgment pursuant to Fed. R. Civ. P. 56. Specifically, the undersigned concludes that Defendants have shown that Henderson's threat to file a grievance against CO Olsen, the only purported protected conduct in this case, was frivolous. Accordingly, the undersigned respectfully recommends that the Court grant Defendants' motion for summary judgment.

## II. Factual Allegations

Henderson says that at approximately 3:00 p.m. on July 1, 2020, Defendant CO Olsen called Henderson to the officer's station and began making unprofessional, degrading remarks towards Henderson for no apparent reason. Olsen then ordered Henderson to go to his cell. (ECF No. 1, PageID.5.)

At approximately 6:00 p.m. Henderson says that his housing unit wing was called for dinner. (*Id.*) CO Olsen again called Henderson to the officer's station and began making degrading remarks, including inappropriate comments about Henderson's dreadlocks. When Olsen expressed that he did not like Henderson, Henderson asked why Olsen was bothering him. (*Id.*, PageID.6.) Olsen ordered Henderson back to his cell, at which point Henderson requested a grievance form and told CO Olsen that "he would be filing a grievance against [Olsen] for [Olsen]'s demeaning comments and behavior." CO Olsen allegedly responded that if Henderson wanted to "cry like a little bitch" then Olsen would have Henderson "in [segregation] so fast." (*Id.*)

Henderson says that within minutes of returning to his cell, Olsen approached him and stated, "so your ass is going to file a grievance." CO Olsen then conducted a search of Henderson and his cell and threw Henderson's meal tray in the toilet. (*Id.*) Thirty minutes later, Henderson alleges that Olsen returned to his cell with another CO, who conducted a strip-search. As Henderson was removing his clothes, Olsen exclaimed that he told Henderson he would end up in segregation. (*Id.*) Henderson says that CO Olsen then authored a false retaliatory misconduct ticket stating that Olsen had found some papers on Henderson that tested positive for amphetamines. (*Id.*)

After Olsen issued the misconduct ticket, Henderson says that Sgt. Mann reviewed Henderson on the misconduct twice. (*Id.*, PageID.7.) Sgt. Mann reported

3

that he personally reviewed and verified the results of the amphetamine test, and Henderson was placed in segregation.

Henderson says that the hearing for CO Olsen's misconduct ticket was held on July 8, 2020. (*Id.*) The hearing officer found Henderson not guilty of the charges therein. Henderson says that he never possessed amphetamines; CO Olsen and Sgt. Mann knowingly lied on the misconduct ticket. (*Id.*)

### III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When, as here, the non-movant fails to respond to a motion for summary judgment, the Court must "examine the movant's motion for summary judgment to ensure that he has discharged his initial burden." *Stough v. Mayville Cmty. Sch.*, 138

4

F.3d 612, 614 (6th Cir. 1998) (citing C*arver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

## IV. Analysis

Henderson alleges that CO Olsen and Sgt. Mann retaliated against him for his threat to file a grievance against Olsen in violation of his First Amendment rights. (ECF No. 1, PageID.8.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated by the protected conduct. *Id.* As set forth above, Defendants contest that Henderson was engaged in protected conduct, that Sgt. Mann took an adverse action against Henderson, and that either Sgt. Mann or CO Olsen's actions were motivated by Henderson's conduct. (ECF No. 38, PageID.198-207.) As is also set forth above, Henderson did not respond to Defendants' motion for summary judgment;[1] the Court is left to rely on Henderson's

---

[1] The undersigned notes that Henderson's last communication with the Court was sent from the Alger Correctional Facility in Munising, Michigan. (*See* ECF No. 36 (Letter to the Court).) That is the address that the Court has on file for Henderson. But according to the Michigan Department of Corrections Offender Tracking Information System, Henderson is now incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. *MDOC Offender Tracking Information System*, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=705169 (last visited Mar. 15, 2023). It is possible that, because Henderson never updated his address with the Court, he never received Defendants' motion for summary judgment.

5

verified complaint in determining whether there are genuine issues of material fact precluding summary judgment.

After considering the statements in Henderson's verified complaint, the undersigned agrees that there are no genuine issues of material fact as to the first element of Henderson's retaliation claims, and that Henderson was not engaged in protected conduct when he threatened to file a grievance against CO Olsen. The Sixth Circuit has explained that "protected conduct includes a prisoner's 'undisputed First Amendment right to file grievances against prison officials on his own behalf.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). "If the grievances are frivolous, however, this right is not protected." *Id.*

As acknowledged by the Sixth Circuit in *Maben v. Thelen*, "cases in this Circuit appear to suggest that a prisoner's grievance is frivolous when the underlying grievance itself is *de minimis*." 887 F.3d 252, 264–65 (6th Cir. 2018) (collecting cases). One circumstance in which courts have found grievances to be *de minimis* and therefore frivolous is when the grievance complains of verbal abuse or harassment. *Sampson v. Davis*, No. 2:19-CV-176, 2022 WL 2760061, at *3 (W.D. Mich. May 12, 2022) (finding that a prisoner's threat to file a grievance on a CO for verbal harassment was *de minimis* and therefore frivolous), *R&R adopted*, No. 2:19-CV-176,

---

But this is precisely why the Court's local rules require plaintiffs to report any address changes to the Court. W.D. Mich. LCivR 41.1(b) ("Failure of a plaintiff to keep the court apprised of a current address shall be grounds for dismissal for want of prosecution.").

2022 WL 2753565 (W.D. Mich. July 14, 2022); *Maben*, 887 F.3d at 264 (citing *Scott v. Kilchermann*, No. 99-1711, 2000 WL 1434456, at *2 (6th Cir. Sept. 18, 2000)).[2]

In his verified complaint, Henderson alleges that CO Olsen made "unnecessary," "degrading," "unprofessional," and "inappropriate" remarks, prompting Henderson to request a grievance form and tell CO Olsen that he would be filing a grievance against Olsen for "demeaning comments and behavior." (ECF No. 1, PageID.5-6.) In the opinion of the undersigned, Henderson's allegations are insufficient to rise above the level of verbal harassment. And as grievances alleging verbal harassment are *de minimis*, Henderson's threat to file a grievance against CO Olsen was frivolous. Because this is Henderson's only purported protected conduct,[3] the undersigned recommends that the Court find that Defendants are entitled to summary judgment.

V. **Qualified and Sovereign Immunity**

In addition to arguing that they did not violate Henderson's rights under the First Amendment, Defendants asserts that they are entitled to qualified immunity in their individual capacities and sovereign immunity in their official capacities. (ECF No. 38, PageID.207-208.)

---

[2] Though the undersigned relies in part on *Maben* for the proposition that grievances asserting verbal abuse are *de minimis*, and *Maben* cites *Kilchermann*, the undersigned notes that "*Kilchermann* is not persuasive to the extent it suggests that a grievance must assert a constitutional right in order to constitute protected conduct. This is not the proper standard for protected conduct." *Rayos v. Leavitt*, No. 1:20-CV-968, 2022 WL 873633, at *1 (W.D. Mich. Mar. 24, 2022).

[3] Notably, this protected conduct involved only CO Olsen. There are no allegations that Sgt. Mann was aware of this threat to file a grievance, or that Henderson engaged in additional protected conduct of which Sgt. Mann was aware.

7

Defendants' claim for qualified immunity is largely redundant.  After initially arguing that they are entitled to judgment because they did not violate Henderson's First Amendment rights, they argue that they are entitled to qualified immunity because they did not violate Henderson's First Amendment rights.[4]  In any event, the undersigned agrees; because there are no genuine issues of material fact and the undersigned finds that Defendants did not violate Henderson's First Amendment rights, Defendants are entitled to qualified immunity.  *See Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) ("Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))).

Defendants' claim for sovereign immunity is different.  Defendants argue that they are entitled to sovereign immunity in their official capacities as to Henderson's claims for monetary damages regardless of the merits of Henderson's claims.

A lawsuit against a state official for monetary damages is treated as a lawsuit against the State.  *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v.*

---

[4] In other words, Defendants do not argue that the rights at issue were not clearly established.

8

*Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Section 1983 did not expressly abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). As such, Henderson's claims against Defendants in their official capacity for monetary damages are properly dismissed in accordance with Eleventh Amendment.

## VI.   Recommendation

The undersigned respectfully recommends that the Court grant Defendants' motion for summary judgment (ECF No. 37) because there are no genuine issues of material fact, and Henderson was not engaged in protected conduct when he threatened to file a grievance against CO Olsen for unprofessional and degrading behavior.

If the Court accepts this recommendation, this case will be dismissed.

Dated:  March 15, 2023                    /s/ *Maarten Vermaat*
                                          MAARTEN VERMAAT
                                          U.S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).